1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12   MAURICE WOODSON,                        No. 2:08-CV-01965-RRC

13              Plaintiff,                    **ORDER**

14        vs.                                 **(1) GRANTING APPLICATION TO
                                              PROCEED IN FORMA PAUPERIS;**
15   M. WEISMAN, et al.,                      **(2) DIRECTING SERVICE OF THE
                                              COMPLAINT ON DEFENDANTS;**
16              Defendants.                   **AND**
                                              **(3)   DISMISSING   COMPLAINT**
17   _____/        **WITHOUT    PREJUDICE   FOR
                                              FAILURE TO STATE A CLAIM  AS**
18                                            **TO DEFENDANT BRIMHALL**

19

20        Plaintiff Maurice Woodson is a state prisoner proceeding pro se.  Plaintiff has filed a civil

21   rights action pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis under 28

22   U.S.C. § 1915.

23   I.    Application to Proceed in Forma Pauperis

24        Plaintiff's Application to Proceed in Forma Pauperis makes the showing required by 28

25   U.S.C. § 1915(a) and is therefore granted.  Plaintiff is required to pay the statutory filing fee of

26   $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  The Court will assess an initial partial

27   filing fee of $14.90.  See 28 U.S.C. § 1915(b)(1).  In addition, to satisfy the remainder of the filing

28   fee, Plaintiff is required to make monthly payments of twenty percent of the preceding month's

1    income credited to his prison trust account. 28 U.S.C. § 1915(b)(2). The California Department of

2    Corrections shall forward payments from Plaintiff's account to the Clerk of the Court each time the

3    amount in the account exceeds $10.00, until the filing fee is paid in full. Id.

4    II.    Statutory Screening of Prisoner Complaints

5         The Court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

7    Court must dismiss a complaint, or any portion thereof, if the complaint is frivolous, malicious, fails

8    to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

9    immune from such relief. 28 U.S.C. § 1915A(b). "Under § 1915A, when determining whether a

10   complaint states a claim, a court must accept as true all allegations of material fact and must

11   construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443,

12   447 (9th Cir. 2000). The Court also construes pro se pleadings liberally. Id.

13        To maintain a § 1983 action, a plaintiff must plead that defendants acting under color of state

14   law deprived the plaintiff of rights secured by the Constitution or federal statutes. Ortez v.

15   Washington County, 88 F.3d 804, 810 (9th Cir. 1996). A prisoner states a cognizable claim of

16   medical mistreatment in violation of the Eighth Amendment only by alleging "acts or omissions

17   sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v.

18   Gamble, 429 U.S. 97, 106 (1976).

19        This standard is met if a prisoner establishes "(a) a purposeful act or failure to respond to a

20   prisoner's pain or possible [serious] medical need and (b) harm caused by the indifference." Jett v.

21   Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be shown "when prison

22   officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the

23   way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390,

24   394 (9th Cir. 1988). Mere negligence or medical malpractice, however, does not violate a prisoner's

25   Eighth Amendment rights. Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). A prison

26   official evidences deliberate indifference only by acting with knowledge of and in disregard of an

27   excessive risk to an inmate's health and safety. Id. at 1057. "Examples of serious medical needs

28   include '[t]he existence of an injury that a reasonable doctor or patient would find important and

1  worthy of comment or treatment; the presence of a medical condition that significantly affects an

2  individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203

3  F.3d 1122, 1131 (9th Cir. 2000) (alteration in original) (quoting McGuckin v. Smith, 974 F.2d 1050,

4  1059-60 (9th Cir. 1992)).

5        Prison medical staff must be "competent to deal with the prisoners' problems," including

6  dental health needs.  Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  If staff members are

7  unable to treat medical or dental problems, they must refer prisoners to other physicians or dentists

8  within the prison, or to physicians, dentists, or facilities elsewhere "if there is reasonably speedy

9  access" to such providers.  Id.

10        To state a valid claim under § 1983, a plaintiff must allege that he suffered a specific injury

11  as a result of specific conduct of a defendant and must show an affirmative link between the claimed

12  injury and the defendant's actions.  See Rizzo v. Goode, 423 U.S. 362 (1976).  "Liability under

13  section 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is

14  only liable for constitutional violations of his subordinates if the supervisor participated in or

15  directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List,

16  880 F.2d 1040, 1045 (9th Cir. 1989) (internal citation omitted).  Prison administrators are liable for

17  deliberate indifference to a prisoner's serious medical needs "when they knowingly fail to respond

18  to an inmate's requests for help."  Jett, 439 F.3d at 1098.

19        In his complaint Plaintiff alleges that his Eighth Amendment right to be free from cruel and

20  unusual punishment was violated by five employees of the California State Prison-Sacramento

21  County, all named as defendants: M. Weisman, chief dentist; Harry Dhesi, staff dentist; Dr.

22  Fairbourn, staff dentist; William Burns, staff dentist; and Troy Brimhall, health care manager.

23  Plaintiff alleges that the three staff dentists–Drs. Burns, Dhesi, and Fairbourn–each reviewed

24  Plaintiff's dental file and x-rays on separate occasions and each informed Plaintiff that he had

25  periodontal gum disease, that he required surgery to save his teeth, and that he probably would not

26  be able to receive surgery or be seen by a specialist because there were no specialists on staff.

27  According to Plaintiff's complaint, Drs. Burns, Dhesi, and Fairbourn also each informed Plaintiff

28  that he likely would have to have the necessary surgery upon his release from prison.

1    After Plaintiff allegedly filed "an appeal" regarding his dental treatment, Plaintiff claims that

2 he overheard Dr. Weisman state that he could avoid referring Plaintiff to an outside specialist by

3 claiming that Plaintiff was not properly caring for his teeth. In addition, Plaintiff states that Dr.

4 Weisman "reviewed this matter on behalf of Troy Brimhall . . . and found that all of the actions

5 taken up to that point had been appropriate and that no other actions were necessary." Plaintiff

6 makes no other reference to Brimhall in the complaint.

7    Plaintiff alleges that the defendants' failure to order a periodontal consultation and surgery

8 has resulted in irreparable damage to his mouth and teeth, including a "significant and irreversible

9 amount of bone loss/damage to [P]laintiff's gums," multiple loose teeth, and the extraction of

10 "several" teeth that previously were healthy. As relief Plaintiff requests an injunction, declaratory

11 relief, compensatory damages, punitive damages, costs and attorneys' fees, and any other relief to

12 which Plaintiff is entitled.

13    The Court concludes that Plaintiff's complaint, when liberally construed, appears to state a

14 cognizable claim for relief under the Eighth Amendment against defendants Weisman, Dhesi,

15 Fairbourn, and Burns. If the allegations of the complaint are proven against these defendants,

16 Plaintiff has a reasonable chance of prevailing on the merits of this action.

17    The Court also concludes that Plaintiff's complaint does not state a cognizable claim for

18 relief against defendant Brimhall. Plaintiff has failed to allege any degree of personal participation

19 by Brimhall in the constitutional violations allegedly committed by defendants Weisman, Dhesi,

20 Fairbourn, and Burns. Without more, Brimhall cannot be held liable under § 1983. As such, the

21 Court must dismiss the complaint without prejudice as to Brimhall.

22    Accordingly, IT IS HEREBY ORDERED that:

23    1. Plaintiff's Application to Proceed in Forma Pauperis is granted.

24    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The

25 Director of the California Department of Corrections or his designee must forward to the Clerk of

26 the Court the initial partial filing fee of $14.90. The Director or his designee shall collect monthly

27 payments from Plaintiff's prison trust account in an amount equal to twenty percent of the preceding

28 month's income credited to the account. Payments shall be forwarded to the Clerk of the Court each

time the amount in the account exceeds $10.00, until a total of $350.00, including the initial partial filing fee, has been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and number assigned to this action.

3.  The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's Application to Proceed in Forma Pauperis on the Director of the California Department of Corrections, via the court's electronic case filing system (CM/ECF).

4.  The Clerk of the Court is directed to serve a copy of this order on the Financial Department, United States District Court for the Eastern District of California, Sacramento Division.

5.  The complaint is dismissed without prejudice for failure to state a claim as to defendant Brimhall.

6.  Service of the complaint is appropriate for the following defendants: Dr. Weisman, Dr. Dhesi, Dr. Fairbourn, and Dr. Burns.

7.  The Clerk of the Court shall send Plaintiff one summons, four USM-285 forms, an instruction sheet, and a copy of the complaint filed August 21, 2008.

8.  Within thirty days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the Court at the same time:

      a.  The completed, signed Notice of Submission of Documents;

      b.  One completed summons form;

      c.  One completed USM-285 form for each defendant listed in number 6 above; and

      d.  Five copies of the complaint filed August 21, 2008.

9.  Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

1

DATED: September 17, 2009.

2

3

/ s / Richard R. Clifton

RICHARD R. CLIFTON

4

UNITED STATES CIRCUIT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9                      IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11   MAURICE WOODSON

12               Plaintiff,                    No. 2:08-cv-1965 RRC

13         vs.

14   M. WEISMAN, et al.,                       NOTICE OF SUBMISSION

15               Defendants.                   OF DOCUMENTS

16   _____/

17               Plaintiff hereby submits the following documents in compliance with the court's

18   order filed _____:

19               _____      completed summons form

20               _____      completed USM-285 forms

21               _____      copies of the _____
                                          Complaint/Amended Complaint

22   DATED:

23

24                                   _____
                                     Plaintiff

25

26