IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WOODSON, | No. 2:08-CV-01965-RRC |
| Plaintiff, | **ORDER: (1) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS; (2) DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL BRIEFING; AND (3) STRIKING PLAINTIFF'S SUPPLEMENTAL BRIEFING** |
| vs. | |
| M. WEISMAN, et al., | |
| Defendants. | |

Pursuant to Local Rule 230, the Court finds these matters suitable for disposition without a hearing. On June 9, 2010, defendant William Burns filed the instant Motion to Dismiss. For reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**. (Doc. # 17.) The Court further **STRIKES** the duplicative and supplemental briefing filed by Plaintiff without leave of Court and **DENIES** Plaintiff's motion to file supplemental briefing. (Docs. ## 26, 28, 29.)

BACKGROUND

On August 21, 2008, Maurice Woodson ("Plaintiff"), proceeding *pro se*, filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983 against five employees of the California State Prison-Sacramento County. (Doc. # 1.) Plaintiff alleged that defendants M. Weisman (chief dentist), Harry Dhesi (staff dentist), Dr. Fairbourn (staff dentist), William Burns (staff dentist), and Troy Brimhall (health care manager) violated his Eighth Amendment right to be free from cruel and

1  unusual punishment by effectively depriving Plaintiff of his ability to receive allegedly needed
2  dental surgery. The three staff dentists–Drs. Burns, Dhesi, and Fairbourn–each allegedly reviewed
3  Plaintiff's dental file and x-rays on separate occasions and each informed Plaintiff that he had
4  periodontal gum disease, that he required surgery to save his teeth, and that he probably would not
5  be able to receive surgery or be seen by a specialist because there were no specialists on staff.
6  Plaintiff contends that he subsequently overheard Dr. Weisman state that he could avoid referring
7  Plaintiff to an outside specialist by claiming that Plaintiff was not properly caring for his teeth. This
8  alleged failure to order a periodontal consultation and surgery has purportedly resulted in irreparable
9  damage to Plaintiff's mouth and teeth, including a "significant and irreversible amount of bone
10 loss/damage to [P]laintiff's gums," multiple loose teeth, and the extraction of "several" teeth that
11 previously were healthy.

12      In an Order filed September 18, 2009, this Court granted Plaintiff's application to proceed *in
13 forma pauperis,* dismissed without prejudice the Complaint against defendant Brimhall, and directed
14 service on defendants Weisman, Dhesi, Fairbourn, and Burns. (Doc. # 11.) The Court concluded
15 that, when construed liberally, the Complaint raised a cognizable claim for relief under the Eighth
16 Amendment against defendants Weisman, Dhasi, Fairbourn, and Burns. (*Id.* at 4.) Plaintiff did not
17 seek reconsideration of this Court's determination that he did not state a cognizable claim against
18 Brimhall.

19      On June 9, 2010, defendant Burns filed the instant Motion to Dismiss for failure to comply
20 with the statute of limitations, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
21 (Doc. # 17.) Burns asserts that Plaintiff's claim against Burns accrued in May 2003, and therefore
22 Plaintiff had until May 2007 to file suit after the two-year statute of limitations and the two-year
23 tolling provision under California law had passed. (*Id.* at 2.)

24      On July 22, 2010, Plaintiff filed an Opposition to Burns's motion. (Doc. # 22.) On July 26,
25 2010, Burn filed a timely Reply to Plaintiff's July 22, 2010 Opposition. (Doc. # 25.)

26      At the outset, the Court notes that Plaintiff's Opposition was untimely. Pursuant to Local
27 Rule 230(l), Plaintiff was required to file an Opposition no more than 21 days after service of the
28 motion. (LR 230(l); Doc. # 20.) The Opposition was therefore due by June 30, 2010. This Court,

in its discretion, will nevertheless consider Plaintiff's opposing memorandum.

The Court will not, however, consider the duplicative and supplemental briefing submitted by Plaintiff without leave of the Court. The Court hereby **STRIKES** the second opposition filed by Plaintiff on July 27, 2010 (Doc. # 26), and the supplemental briefing filed by Plaintiff on August 10, 2010 in response to Burns's Reply memorandum (Doc. # 29), because neither are permitted under Local Rule 230 without leave of Court. The Court notes that the second opposition (Doc. # 26) appears to be an identical copy of the original Opposition. Furthermore, Plaintiff has failed to demonstrate good cause for this Court to grant Plaintiff leave to file a Response to Burns's Reply. Plaintiff moves to file supplemental briefing on the basis that Burns asserted arguments in his Reply not previously set forth in the motion. (Doc. # 28 at 1.) Upon review of the record, the Court concludes that Burns's Reply properly relates to the subject matter raised by Burns's motion and responds to those points raised by Plaintiff in his Opposition. Accordingly, Plaintiff's motion to file a Response to the Reply is **DENIED**. (Doc. # 28.)

## STANDARD OF REVIEW

A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) if the claim is barred by the applicable statute of limitations. "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). A motion that is based on the running of the statute of limitations "can be granted only if the assertion of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*; *see Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 206 (9th Cir. 1991); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

When a plaintiff appears *pro se*, the court has an obligation to construe the plaintiff's complaint liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). *Pro se* plaintiffs in a civil rights action must be afforded the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

Burns moves to dismiss the Complaint on the basis that Plaintiff's claims are barred by the applicable statute of limitations.

### I.   Accrual of the Federal Claim

"A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted); *see Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).

Upon review of Plaintiff's Complaint, the Court concludes that Plaintiff knew of his "injury"[1] as early as May 2003. Plaintiff expressly states that his rights were violated when:

> (1) On May 1, 2003, Dr. Burns (after reviewing plaintiff's dental file and x-ray's of the plaintiff's teeth), informed plaintiff that he had periodontal gum disease and that the only way he might be able to save his teeth is if he were to have surgery.
> (2) On May 1, 2003, after informing plaintiff that he required surgery (and following plaintiff's request for surgery), Dr. Burns then informed plaintiff that he would probably not be able to receive surgery or even be seen by a specialist because there were none on staff at that time.
> (3) On or around May 1, 2003, after informing plaintiff of those facts set forth in paragraphs 1 and 2, above, Dr. Burns informed plaintiff that he would very likely have to have the aforementioned kind of surgery done when he was released from prison.

(Compl. at 5, 5(a).) The Complaint includes no further mention of any injury allegedly caused by Burns after 2003. The May 2003 denial of surgery is the sole basis of Plaintiff's complaint against Burns. Accordingly, the Complaint unequivocally demonstrates that Plaintiff's claim against Burns accrued in May 2003.

### II.   Statute of Limitations

Because Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983, this Court applies the

---

[1] The Court assumes for purposes of disposition of the instant motion that Plaintiff did in fact suffer an "injury." The Court does not, at this juncture, actually find that an injury occurred.

- 4 -

time limits of the state in which the injury occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Lukovsky*, 535 F.3d at 1048.

California has a two-year statute of limitations for personal injury lawsuits.[2] Cal. Civ. P. Code § 335.1; *see Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007). For plaintiffs who were imprisoned on a criminal charge at the time the cause of action accrued, California also provides for a two-year tolling period.[3] Cal. Civ. P. Code § 352.1(a). Taking into account the two-year statute of limitations and the two-year tolling period, and considering that Plaintiff's claim against him accrued in May 2003, Burns argues that Plaintiff had until May 2007 to file suit against him. (Mot. at 2.) Plaintiff filed suit on August 21, 2008.

The California statute of limitations does not end this Court's analysis, however. Burns's motion to dismiss requires that this Court ascertain the date on which Plaintiff's administrative remedies were exhausted. This is because the statute of limitations is tolled while a prisoner completes the federally-mandated administrative exhaustion process. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[W]e agree with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."). The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust available administrative remedies prior to filing § 1983 actions with respect to "prison conditions." *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "The PLRA itself does not define prison conditions, but the Supreme Court has broadly construed the term." *Roles v. Maddox*, 439 F.3d 1016, 1018 (9th Cir. 2006). The Supreme Court has held that the exhaustion requirement "applies to all inmate suits about prison life, whether

---

[2] The current version of the California statute became effective on January 1, 2003 and is therefore applicable to Plaintiff's claims. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007).

[3] It does not immediately appear that California's statutory exclusion of actions relating to "conditions of confinement" is applicable here. *See* Cal. Civ. P. Code § 352.1(c).

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA's exhaustion requirement has been applied to Eighth Amendment violations brought under § 1983 as is the case here. *E.g., Morton v. Hall*, 599 F.3d 942, 945-46 (9th Cir. 2010) (upholding the district court's finding that the plaintiff did not exhaust his administrative remedies for an Eighth Amendment deliberate indifference claim).

Unfortunately, the record before the Court does not clearly identify when Plaintiff exhausted his administrative remedies. In their supporting and opposing memoranda to the instant motion, neither party provides the date on which Plaintiff filed his administrative appeal or when Plaintiff could achieve no further administrative relief. Without definitive information as to when the claim was exhausted, it is premature for this Court to evaluate when the statute of limitations began to run and whether Plaintiff's claim is barred.

Accordingly, Burns's motion is **DENIED WITHOUT PREJUDICE**. Should Burns file a second motion to dismiss on the basis that Plaintiff's claim is barred by the statute of limitations, Burns is directed to inform the Court of the particular time period tolled while Plaintiff sought to exhaust his administrative remedies.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE.

DATED: October 29, 2010

/s/ Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE