1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12   MAURICE WOODSON,                        No. 2:08-CV-01965-RRC

13              Plaintiff,                    **ORDER: (1) GRANTING MOTION TO DISMISS
                                              AND DISMISSING ACTION AGAINST BURNS**
14        vs.                                 **WITH PREJUDICE ; AND (2) DISMISSING
                                              ACTION AGAINST DHESI WITH PREJUDICE**
15   M. WEISMAN, et al.,

16              Defendants.

17   _____/

18

19         Pursuant to Local Rule 230, the Court finds these matters suitable for disposition without a

20   hearing.  On November 18, 2010, defendant William Burns filed the instant Motion to Dismiss.  For

21   reasons set forth below, the motion is **GRANTED**.  (Doc. # 36.)  The action against Burns is

22   **DISMISSED WITH PREJUDICE**.  Furthermore, the action against defendant H. Dhesi is

23   **DISMISSED WITH PREJUDICE** for failure to effect service.  Plaintiff's Motion for Subpoena

24   Duces Tecum is **DENIED AS MOOT**.  (Doc. # 34.)

25                                    BACKGROUND

26         The facts of this case have been recounted in this Court's prior orders, and only the pertinent

27   facts are included herein.  On August 21, 2008, Maurice Woodson ("Plaintiff"), proceeding *pro se*,

28   filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983 against five employees of the

     California State Prison-Sacramento County.  (Doc. # 1.)  In an Order filed September 18, 2009, this

1  Court dismissed without prejudice the Complaint against defendant Brimhall, and directed service

2  on defendants Weisman, Dhesi, Fairbourn, and Burns.  (Doc. # 11.)  The Court concluded that, when

3  construed liberally, the Complaint raised a cognizable claim for relief under the Eighth Amendment

4  against defendants Weisman, Dhesi, Fairbourn, and Burns for allegedly depriving Plaintiff of his

5  ability to receive necessary dental surgery.  (*Id.* at 4.)

6         On November 1, 2010, this Court issued an order (the "November 1, 2010 Order") denying

7  without prejudice Burns's first motion to dismiss for failure to comply with the statute of

8  limitations.  (Doc. # 32.)  Although this Court found that Plaintiff's claim against Burns accrued in

9  May 2003, the Court could not grant Burns's motion because the briefing and record before the

10  Court did not reveal when Plaintiff had exhausted his administrative remedies.  (*Id.* at 6.)  The Court

11  was unable to determine when the statute of limitations began to run.  (*Id.*)

12         In response to the November 1, 2010 Order, on November 18, 2010, Burns filed this second

13  Motion to Dismiss for failure to comply with the statute of limitations.  (Doc. # 36.)  On November

14  29, 2010, Plaintiff filed an Opposition.  (Doc. # 37.)  On December 1, 2010, Burns filed a Reply.

15  (Doc. # 38.)

16         Also on November 1, 2010, this Court issued an Order to Show Cause why Dhesi should not

17  be dismissed from this action for Plaintiff's failure to effect service (the "OSC").  (Doc. # 33.)  On

18  November 9, 2010 and November 16, 2010, Plaintiff filed a Motion for Subpoena Duces Tecum and

19  a Response to the OSC, respectively.  (Docs. ## 34, 35.)

20                                        STANDARD OF REVIEW

21         A court may grant a motion to dismiss for failure to state a claim upon which relief can be

22  granted pursuant to Rule 12(b)(6) if the claim is barred by the applicable statute of limitations.  "If

23  the running of the statute is apparent on the face of the complaint, the defense may be raised by a

24  motion to dismiss."  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  A motion that

25  is based on the running of the statute of limitations "can be granted only if the assertion of the

26  complaint, read with the required liberality, would not permit the plaintiff to prove that the statute

27  was tolled."  *Id.*; *see Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 206 (9th Cir. 1991); *Supermail*

28  *Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be

1  dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would

2  establish the timeliness of the claim."). Allegations of fact in the complaint must be taken as true

3  and construed in the light most favorable to the plaintiff. *Livid Holdings Ltd. v. Salomon Smith*

4  *Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts

5  to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

6  (2007).

7        When a plaintiff appears *pro se*, the court has an obligation to construe the plaintiff's

8  complaint liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). *Pro*

9  *se* plaintiffs in a civil rights action must be afforded the benefit of any doubt. *See Karim-Panahi v.*

10  *Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

11                                    DISCUSSION

12  **I.    Complaint against Burns**

13        Burns once again moves to dismiss the Complaint on the basis that Plaintiff's claims are

14  barred by the statute of limitations.

15        This Court has already concluded that Plaintiff's claim against Burns accrued as early as

16  May 2003. (Nov. 1, 2010 Order at 4.) Plaintiff did not file a motion for reconsideration of that

17  Order. To the extent Plaintiff opposes the motion to dismiss on the basis that his claim actually

18  accrued on June 24, 2003, (Opp'n at 1-2), that argument fails. Plaintiff does not allege any event on

19  June 24, 2003 involving Burns in the Complaint. Even if Plaintiff was seen by Burns on that date,

20  Plaintiff still became aware of his alleged injury on May 1, 2003, when Burns purportedly informed

21  Plaintiff that he would not be able to receive surgery.[1] (Compl. at 5.)

22  _____

23  [1] Plaintiff does not appear to seek relief under the doctrine of delayed discovery, nor does it seem
that the discovery rule would afford relief in this case. To rely on the delayed discovery of a claim, "[a]

24  plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the
discovery rule *must specifically plead facts* to show (1) the time and manner of discovery and (2) the

25  inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery,*

26  *Inc.*, 35 Cal. 4th 797, 808 (2005) (emphasis added). "In order to adequately allege facts supporting a
theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the

27  circumstances of the injury, he or she could not have reasonable discovered facts supporting the cause
of action within the applicable statute of limitations period." *Id.* at 809. The Complaint does not

28  contain any such pleadings. Plaintiff does not describe how or when he came to know of the injury,
besides stating that he was injured on May 1, 2003 and September 4, 2003 when Burns denied him
surgery. *See* Compl. at 5(a). In response to Burns's motion, Plaintiff now appears to argue that he only

1    Because Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983, this Court applies the

2 time limits of the state in which the injury occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007);

3 *Lukovsky*, 535 F.3d at 1048.  California has a two-year statute of limitations for personal injury

4 lawsuits.  Cal. Civ. P. Code § 335.1; *see Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th

5 Cir. 2007).  For plaintiffs imprisoned on a criminal charge at the time the cause of action accrued,

6 California also provides for a two-year tolling period.  Cal. Civ. P. Code § 352.1(a).  Further, as

7 discussed in the November 1, 2010 Order, the statute of limitations is tolled while a prisoner

8 completes the federally-mandated administrative exhaustion process.  *See Brown v. Valoff*, 422 F.3d

9 926, 943 (9th Cir. 2005); *Morton v. Hall*, 599 F.3d 942, 945-46 (9th Cir. 2010).

10    Even broadly construing the record and allegations in favor of Plaintiff, his action against

11 Burns is barred by the statute of limitations.  Plaintiff's cause of action accrued against Burns on

12 May 1, 2003.  Considering only the two-year statute of limitations and the two-year tolling period

13 for prisoners, the deadline for filing this action would have been May 1, 2007.

14    The time spent exhausting his administrative remedies does not account for the entire period

15 between May 2007 and when the Complaint was filed on August 21, 2008.  Plaintiff filed his first

16 administrative appeal on December 15, 2006, and the appeal was purportedly exhausted[2] on August

17 20, 2007.  (Compl. at 5(a); Daly Mot. Decl. ¶ 4; Opp'n at 2.)  While that appeal was pending,

18 Plaintiff filed a second appeal on June 27, 2007, which was exhausted on January 23, 2008.  (Daly

19 Mot. Decl. ¶ 3; Opp'n at 2.)  Allotting Plaintiff the full time between December 15, 2006 and

20

21    _____

22    became aware of the injury on December 16, 2006 and June 27, 2007.  Opp'n at 3.  These dates
correspond to the dates on which Plaintiff filed his inmate appeals.  *See* Compl. at 5(a).  Plaintiff

23 provides no explanation for the more than three-year delay between when the injury occurred and when
he claimed he became aware of the injury.  Plaintiff does not claim to have conducted a "diligent

24 investigation of the circumstances of the injury."  35 Cal. 4th  at 809.  Moreover, the parties do not
address whether the administrative appeal was timely.  In 2003, inmate appeals generally were required

25 to be submitted within 15 days of the event upon which the complaint was based.  *See Loritz v. CMT
Blues*, 271 F. Supp. 2d 1252 (S.D. Cal. 2003); *Woodford v. Ngo*, 548 U.S. 81, 90-95 (2006).

26

27    [2] The first administrative appeal was filed more than three years after the first incident.  Plaintiff
has provided no explanation for this administrative delay.  It therefore appears that Plaintiff's

28 administrative remedies were not properly exhausted.  Even if his administrative remedies were
exhausted, however, Plaintiff did not file within the limitations time period.

1 | January 23, 2008, Plaintiff is entitled to administrative tolling for an additional 13 months and 8

2 | days.  Plaintiff therefore had until June 9, 2008 to file this action against Burns.  Plaintiff filed his

3 | Complaint more than two months beyond the statute of limitations time period.[3]

4 |       Accordingly, Burns's motion is **GRANTED**.  Plaintiff's Complaint with respect to defendant

5 | Burns is **DISMISSED WITH PREJUDICE**.

6 | **II.    Complaint Against Dhesi**

7 |       Plaintiff failed to serve Dhesi within 120 days as required by Rule 4.  In response to this

8 | Court's OSC, Plaintiff has filed what appears to be a motion for this Court to subpoena the

9 | Custodian of Records in order to ascertain Dhesi's mailing address.  Even if the Court were to

10 | consider such a motion, the motion is untimely and does not explain Plaintiff's failure to ascertain

11 | Dhesi's address during the relevant time period.  Plaintiff has not shown good cause why he did not

12 | file such a request within the 120-day period, and has further failed to show good cause why he did

13 | not properly effect service.  This Court is without personal jurisdiction over Dhesi, and he must be

14 | **DISMISSED** from this action.  *See Benny v Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).  Accordingly,

15 | Plaintiff's untimely motion is **DENIED AS MOOT**.

16 | CONCLUSION

17 |       IT IS HEREBY ORDERED that Burns's Motion to Dismiss is GRANTED and Plaintiff's

18 | Motion for Subpoena Duces Tecum is DENIED AS MOOT.  Defendants Burns and Dhesi are

19 | DISMISSED from this action.  Defendants Weisman and Fairbourn remain.

20 |

21 | DATED: February 10, 2011

22 |       /s/ Richard R. Clifton
      RICHARD R. CLIFTON

23 |       UNITED STATES CIRCUIT JUDGE

24 |

25 | ————————————

26 |    [3] Even if this Court were to begin computing the limitations period as of June 24, 2003, the date

27 | of the alleged second injury that is not mentioned in the Complaint, Plaintiff did not timely file his Complaint.  Adding the four year tolling period results in a deadline of June 24, 2007.  Adding 13

28 | months and 8 days to that date, Plaintiff would have had until August 1, 2008 to file his Complaint.  He did not file his Complaint until August 21, 2008.