1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12   MAURICE WOODSON,                    No. 2:08-CV-01965-RRC

13            Plaintiff,                 **ORDER DENYING PLAINTIFF'S MOTION**
                                         **FOR RECONSIDERATION**
14        vs.

15   M. WEISMAN, et al.,

16            Defendants.

17   _____/

18

19        Pursuant to Local Rule 230, the court finds these matters suitable for disposition without a

20   hearing.   On February 22, 2011, Plaintiff filed a motion for reconsideration of this court's February

21   10, 2011 order.  (Doc. # 40.)  For the reasons set forth below, Plaintiff's motion is **DENIED**.

22                                    BACKGROUND

23        On August 21, 2008, *pro se* prisoner Plaintiff Maurice Woodson ("Plaintiff") commenced

24   this action, and on September 18, 2009, the court directed service of Plaintiff's Complaint as to

25   Defendant H. Dhesi and several other defendants.  The court subsequently sent Plaintiff the

26   necessary documents to complete and return to the U.S. Marshal's Service, so that the Marshal could

27   serve the Complaint on Plaintiff's behalf.  On March 25, 2010, the court ordered service by the U.S.

28   Marshal.

1   On August 18, 2010, the summons was returned unexecuted as to Dhesi.  (Doc. # 30.)  The

2   summons indicated that Dhesi could not be located at the address provided by Plaintiff, and that the

3   forwarding address obtained by the Marshal was returned by the post office marked "attempted-not

4   known."  Further, the summons indicated that the CDC locator provided no further information on

5   Dhesi.

6   On November 1, 2010, after it became clear that Plaintiff had not caused the Complaint to be

7   served on Dhesi within 120 days of the date that service was directed as required under Federal Rule

8   of Civil Procedure 4(m), the court ordered Plaintiff to show cause why this action should not be

9   dismissed (the "OSC").  (Doc. # 33.)

10   Plaintiff provided little by way of explanation in his November 16, 2010 response to the

11   OSC.  Plaintiff stated only that: (1) he had requested a status report; (2) on August 19, 2010 he had

12   "submitted" a subpoena duces tecum to the court for Dhesi's address; (3) that Plaintiff had not

13   received permission for "discovery"; (4) that Plaintiff is not allowed to receive staff contact

14   information from the CDCR; and (5) he is a pro-se litigant.  (Doc. # 35.)  On February 10, 2011, the

15   court dismissed the action against Dhesi for lack of personal jurisdiction due to Plaintiff's failure to

16   timely serve the Complaint on Dhesi without good cause.  (Doc. # 39.)

17   Several days prior to Plaintiff's response to the OSC, Plaintiff filed a motion for subpoena

18   duces tecum on November 9, 2010.  (Doc. # 34.)  In the same February 10, 2011 order, the court

19   denied the motion as untimely and moot because the action against Dhesi was dismissed.  The court

20   noted that Plaintiff had failed to offer any explanation why he did not attempt to ascertain Dhesi's

21   address prior to the Court's OSC and within the 120-day period.

22   On February 22, 2011, Plaintiff filed the instant motion for reconsideration of this court's

23   February 10, 2011 order.  (Doc. # 40.)

24   <u>DISCUSSION</u>

25   Plaintiff does not specify the particular Federal Rule of Civil Procedure under which he files

26   the motion for reconsideration.  Motions for reconsideration may be brought pursuant to Federal

27   Rules of Civil Procedure 59(e) or 60(b).  A motion for reconsideration under Rule 59(e) should not

28   be granted, absent highly unusual circumstances, unless the district court: (1) is presented with

- 2 -

1   newly discovered evidence; (2) has committed clear error; or (3) if there is an intervening change in

2   the controlling law. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)

3   (citation omitted).  Fed. R. Civ. P. 60(b) provides that the court may grant relief from judgment in

4   several instances, including mistake or neglect, newly discovered evidence, fraud, or any other

5   reasons justifying relief.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir.

6   2010).  Local Rule 230(j) provides that a party shall present a brief or affidavit "setting forth the

7   material facts and circumstances surrounding each motion" and what grounds exist for the motion

8   and "why the facts or circumstances were not shown at the time of the prior motion."

9        In this motion, Plaintiff largely reiterates the explanations offered in his response to the OSC.

10   Plaintiff argues that: (1) he has *in forma pauperis* status and is a *pro se* litigant; (2) he requested a

11   status report; (3)  he filed a "Request to Inspect Public Records" on November 8, 2010 and plans to

12   resubmit such request; (4) he filed a subpoena duces tecum on August 19, 2010; and (5) the U.S.

13   Marshals failed to properly effectuate service.

14        At the outset, the court notes that Plaintiff raises no arguments that were not, or could not

15   have been, raised in Plaintiff's original response to the OSC.  Nor does Plaintiff identify any clear

16   error in the court's prior order, fraud, mistake, or an intervening change in the law.  The court may

17   deny the motion for reconsideration on this basis alone.

18        As to the merits of the motion, reasons one, two and three do not constitute "good cause" for

19   not effecting service.  One, as already noted in this court's prior orders, a *pro se* plaintiff proceeding

20   *in forma pauperis* is not exempt from service requirements.  Two, a general status inquiry 119 days

21   after the Marshal was directed to serve the defendants, (Doc. # 24), does not demonstrate diligence

22   in obtaining Dhesi's address.  Three, a request for records purportedly made on November 8, 2010 is

23   irrelevant to the question before the court, namely, whether Plaintiff can demonstrate good cause for

24   failing to provide Dhesi's address during the time period *before* the court's OSC on November 1,

25   2010.  Moreover, this request, which is attached as Exhibit B to Plaintiff's motion for

26   reconsideration, bears no date stamp or other indicator that the request was actually filed anywhere.

27        With respect to Plaintiff's assertion that he submitted a subpoena duces tecum on August 19,

28   2010, that claim is not supported by the record.  There is no subpoena on file for August 2010.

- 3 -

1   Exhibit A attached to Plaintiff's motion for reconsideration appears to be a request for a subpoena,

2   but that document is dated September 19, 2010.  Moreover, there is no stamp date or any indication

3   the document was filed anywhere.  Instead, the record shows that Plaintiff filed a motion for

4   subpoena duces tecum on November 9, 2010, *after* this court's November 1 OSC.  (Doc. # 34.)

5   Again, steps taken by Plaintiff after the OSC are not pertinent to the court's inquiry into the time

6   period prior to the OSC and during the 120 days after service was directed on the defendants.

7          Finally, the U.S. Marshal has not failed in the performance of its duty.  Plaintiff is correct

8   insofar as a *pro se* plaintiff is "entitled to rely on the U.S. Marshal for service of the summons and

9   complaint," but the plaintiff is also required to "provide[] the necessary information to help

10  effectuate service."  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  Here, upon determining

11  that Plaintiff had provided an incorrect address, the Marshal attempted to serve the Complaint at the

12  forwarding address and then attempted to obtain the correct address from the CDC, to no avail.

13  Plaintiff failed to provide the Marshal will sufficient information, and the case may be dismissed.

14  *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v.*

15  *Connor*, 505 U.S. 472 (1995); *see Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991).

16                                            CONCLUSION

17         IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

18

19  DATED: May 23, 2011

20                                        /s/ Richard R. Clifton
                                          RICHARD R. CLIFTON
21                                        UNITED STATES CIRCUIT JUDGE

22

23

24

25

26

27

28