IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WOODSON, | No. 2:08-CV-01965-RRC |
| Plaintiff, | **AMENDED ORDER: (1) GRANTING MOTION TO DISMISS AND DISMISSING ACTION AGAINST BURNS WITH PREJUDICE ; AND (2) DISMISSING ACTION AGAINST DHESI WITHOUT PREJUDICE** |
| vs. | |
| M. WEISMAN, et al., | |
| Defendants. | |
| _____ / | |

Pursuant to Local Rule 230, the Court finds these matters suitable for disposition without a hearing. On November 18, 2010, defendant William Burns filed the instant Motion to Dismiss. For reasons set forth below, the motion is **GRANTED**. (Doc. # 36.) The action against Burns is **DISMISSED WITH PREJUDICE**. Furthermore, the action against defendant H. Dhesi is **DISMISSED WITHOUT PREJUDICE** for failure to effect service. Plaintiff's Motion for Subpoena Duces Tecum is **DENIED AS MOOT**. (Doc. # 34.) The court issues this **AMENDED ORDER**.[1]

---

[1] The court originally issued its Order: (1) Granting Motion to Dismiss and Dismissing Action Against Burns with Prejudice; and (2) Dismissing Action Against Dhesi with Prejudice on February 10, 2011, but now withdraws that Order and issues this Amended Order. The Amended Order corrects the

BACKGROUND

The facts of this case have been recounted in this Court's prior orders, and only the pertinent facts are included herein. On August 21, 2008, Maurice Woodson ("Plaintiff"), proceeding *pro se*, filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983 against five employees of the California State Prison-Sacramento County. (Doc. # 1.) In an Order filed September 18, 2009, this Court dismissed without prejudice the Complaint against defendant Brimhall, and directed service on defendants Weisman, Dhesi, Fairbourn, and Burns. (Doc. # 11.) The Court concluded that, when construed liberally, the Complaint raised a cognizable claim for relief under the Eighth Amendment against defendants Weisman, Dhesi, Fairbourn, and Burns for allegedly depriving Plaintiff of his ability to receive necessary dental surgery. (*Id.* at 4.)

On November 1, 2010, this Court issued an order (the "November 1, 2010 Order") denying without prejudice Burns's first motion to dismiss for failure to comply with the statute of limitations. (Doc. # 32.) Although this Court found that Plaintiff's claim against Burns accrued in May 2003, the Court could not grant Burns's motion because the briefing and record before the Court did not reveal when Plaintiff had exhausted his administrative remedies. (*Id.* at 6.) The Court was unable to determine when the statute of limitations began to run. (*Id.*)

In response to the November 1, 2010 Order, on November 18, 2010, Burns filed this second Motion to Dismiss for failure to comply with the statute of limitations. (Doc. # 36.) On November 29, 2010, Plaintiff filed an Opposition. (Doc. # 37.) On December 1, 2010, Burns filed a Reply. (Doc. # 38.)

Also on November 1, 2010, this Court issued an Order to Show Cause why Dhesi should not be dismissed from this action for Plaintiff's failure to effect service (the "OSC"). (Doc. # 33.) On November 9, 2010 and November 16, 2010, Plaintiff filed a Motion for Subpoena Duces Tecum and a Response to the OSC, respectively. (Docs. ## 34, 35.)

---

caption and the first page of the original Order to reflect that the action against defendant H. Dhesi is DISMISSED WITHOUT PREJUDICE. FRCP 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action *without* prejudice against that defendant." In all other respects, this Amended Order is the same as the original Order.

STANDARD OF REVIEW

A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) if the claim is barred by the applicable statute of limitations. "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). A motion that is based on the running of the statute of limitations "can be granted only if the assertion of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*; *see Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 206 (9th Cir. 1991); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

When a plaintiff appears *pro se*, the court has an obligation to construe the plaintiff's complaint liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). *Pro se* plaintiffs in a civil rights action must be afforded the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

DISCUSSION

I. **Complaint against Burns**

Burns once again moves to dismiss the Complaint on the basis that Plaintiff's claims are barred by the statute of limitations.

This Court has already concluded that Plaintiff's claim against Burns accrued as early as May 2003. (Nov. 1, 2010 Order at 4.) Plaintiff did not file a motion for reconsideration of that Order. To the extent Plaintiff opposes the motion to dismiss on the basis that his claim actually accrued on June 24, 2003, (Opp'n at 1-2), that argument fails. Plaintiff does not allege any event on June 24, 2003 involving Burns in the Complaint. Even if Plaintiff was seen by Burns on that date,

1  Plaintiff still became aware of his alleged injury on May 1, 2003, when Burns purportedly informed
2  Plaintiff that he would not be able to receive surgery.[2]  (Compl. at 5.)

3  Because Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983, this Court applies the
4  time limits of the state in which the injury occurred.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007);
5  *Lukovsky*, 535 F.3d at 1048.  California has a two-year statute of limitations for personal injury
6  lawsuits.  Cal. Civ. P. Code § 335.1; *see Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th
7  Cir. 2007).  For plaintiffs imprisoned on a criminal charge at the time the cause of action accrued,
8  California also provides for a two-year tolling period.  Cal. Civ. P. Code § 352.1(a).  Further, as
9  discussed in the November 1, 2010 Order, the statute of limitations is tolled while a prisoner
10 completes the federally-mandated administrative exhaustion process.  *See Brown v. Valoff*, 422 F.3d
11 926, 943 (9th Cir. 2005); *Morton v. Hall*, 599 F.3d 942, 945-46 (9th Cir. 2010).

12 Even broadly construing the record and allegations in favor of Plaintiff, his action against
13 Burns is barred by the statute of limitations.  Plaintiff's cause of action accrued against Burns on
14 May 1, 2003.  Considering only the two-year statute of limitations and the two-year tolling period
15 for prisoners, the deadline for filing this action would have been May 1, 2007.

---

[2] Plaintiff does not appear to seek relief under the doctrine of delayed discovery, nor does it seem that the discovery rule would afford relief in this case.  To rely on the delayed discovery of a claim, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule *must specifically plead facts* to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (emphasis added).  "In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonable discovered facts supporting the cause of action within the applicable statute of limitations period." *Id.* at 809.  The Complaint does not contain any such pleadings.  Plaintiff does not describe how or when he came to know of the injury, besides stating that he was injured on May 1, 2003 and September 4, 2003 when Burns denied him surgery.  *See* Compl. at 5(a).  In response to Burns's motion, Plaintiff now appears to argue that he only became aware of the injury on December 16, 2006 and June 27, 2007.  Opp'n at 3.  These dates correspond to the dates on which Plaintiff filed his inmate appeals.  *See* Compl. at 5(a).  Plaintiff provides no explanation for the more than three-year delay between when the injury occurred and when he claimed he became aware of the injury.  Plaintiff does not claim to have conducted a "diligent investigation of the circumstances of the injury."  35 Cal. 4th at 809.  Moreover, the parties do not address whether the administrative appeal was timely.  In 2003, inmate appeals generally were required to be submitted within 15 days of the event upon which the complaint was based.  *See Loritz v. CMT Blues*, 271 F. Supp. 2d 1252 (S.D. Cal. 2003); *Woodford v. Ngo*, 548 U.S. 81, 90-95 (2006).

1   The time spent exhausting his administrative remedies does not account for the entire period between May 2007 and when the Complaint was filed on August 21, 2008. Plaintiff filed his first administrative appeal on December 15, 2006, and the appeal was purportedly exhausted[3] on August 20, 2007. (Compl. at 5(a); Daly Mot. Decl. ¶ 4; Opp'n at 2.) While that appeal was pending, Plaintiff filed a second appeal on June 27, 2007, which was exhausted on January 23, 2008. (Daly Mot. Decl. ¶ 3; Opp'n at 2.) Allotting Plaintiff the full time between December 15, 2006 and January 23, 2008, Plaintiff is entitled to administrative tolling for an additional 13 months and 8 days. Plaintiff therefore had until June 9, 2008 to file this action against Burns. Plaintiff filed his Complaint more than two months beyond the statute of limitations time period.[4]

Accordingly, Burns's motion is **GRANTED**. Plaintiff's Complaint with respect to defendant Burns is **DISMISSED WITH PREJUDICE**.

## II.   Complaint Against Dhesi

Plaintiff failed to serve Dhesi within 120 days as required by Rule 4. In response to this Court's OSC, Plaintiff has filed what appears to be a motion for this Court to subpoena the Custodian of Records in order to ascertain Dhesi's mailing address. Even if the Court were to consider such a motion, the motion is untimely and does not explain Plaintiff's failure to ascertain Dhesi's address during the relevant time period. Plaintiff has not shown good cause why he did not file such a request within the 120-day period, and has further failed to show good cause why he did not properly effect service. This Court is without personal jurisdiction over Dhesi, and he must be **DISMISSED** from this action. *See Benny v Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Accordingly, Plaintiff's untimely motion is **DENIED AS MOOT**.

---

[3] The first administrative appeal was filed more than three years after the first incident. Plaintiff has provided no explanation for this administrative delay. It therefore appears that Plaintiff's administrative remedies were not properly exhausted. Even if his administrative remedies were exhausted, however, Plaintiff did not file within the limitations time period.

[4] Even if this Court were to begin computing the limitations period as of June 24, 2003, the date of the alleged second injury that is not mentioned in the Complaint, Plaintiff did not timely file his Complaint. Adding the four year tolling period results in a deadline of June 24, 2007. Adding 13 months and 8 days to that date, Plaintiff would have had until August 1, 2008 to file his Complaint. He did not file his Complaint until August 21, 2008.

## CONCLUSION

IT IS HEREBY ORDERED that Burns's Motion to Dismiss is GRANTED and Plaintiff's Motion for Subpoena Duces Tecum is DENIED AS MOOT. Defendants Burns and Dhesi are DISMISSED from this action. Defendants Weisman and Fairbourn remain.

DATED: May 23, 2011

/s/ Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE